FILED
2018 Jun-19 AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **ANNIE THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 7:17-CV-0925-VEH |
| | ) |
| **NANCY A. BERRYHILL,** *Acting Commissioner, Social Security Administration*, | ) ) ) ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Plaintiff Annie Thomas, representing herself *pro se*, brings this action under 42 U.S.C. § 405(g). Ms. Thomas seeks a review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Ms. Thomas exhausted the administrative remedies available before the Commissioner. This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

The Court carefully reviewed the record in this case and **AFFIRMS** the ALJ's decision.

## II. RELEVANT BACKGROUND

The alleged onset date is August 20, 2013. (Tr. 104). Mr. Thomas suffers from numerous impairments, but none that the ALJ found to disable her. (*See id.* at 106, 114). On August 20, 2013, Ms. Thomas filed an application for Social Security benefits. (*Id.* at 104). The Social Security Administration denied that application on November 27, 2013. (*Id.*). On April 23, 2015, Administrative Law Judge Cynthia W. Brown held a hearing. (*Id.*). Attorney George Harris represented Ms. Thomas at the administrative level. (*Id.*). The ALJ issued her decision on July 30, 2015, which was unfavorable to Ms. Thomas. (*Id.* at 114). In that opinion, the ALJ found that Ms. Thomas did not meet the disability standard at Steps Three and Five. (*Id.* at 107, 113). Ms. Thomas requested the Appeals Council review the claim. (*Id.* at 97). They refused. (*Id.*). Ms. Thomas filed her complaint in the Northern District of Alabama on June 5, 2017. (Doc. 1). She is proceeding *pro se*. (*See id.* at 4).

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine

if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act

and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether the claimant has a severe impairment;

(3)  whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)  whether the claimant can perform his or her past work; and

(5)  whether the claimant is capable of performing any work in the

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDING OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since August 20, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: bilateral carpal tunnel syndrome, cervical and lumbar degenerative disc disease, osteoarthritis of the right knee, obesity, and degenerative joint disease of the right shoulder (20 CFR 404.1520(c) and

5

416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally stoop, crouch, and kneel but never crawl or climb ladders.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on [REDACTED] and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 20, 2013, through the date of

this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 106-14) (emphasis omitted).

## VI. ANALYSIS

### A. The ALJ Properly Explained How She Applied the SSR 96-7P Standards

Ms. Thomas's first argument is that "the ALJ failed to explain how the standards of SSR 96-7P were applied." (Doc. 11 at 5) (capitalization and emphasis omitted). In support, Ms. Thomas cites to various portions of the medical record. (*See id.* at 6-7). She contends that she "should have been found disabled based upon her symptoms alone." (*See id.* at 7).

In response, the Commissioner argues that the medical records "[do] not document the presence of disabling limitations." (*See* Doc. 13 at 5) (citing another source). The Commissioner also posits that the ALJ properly evaluated Ms. Thomas's subjective complaints. (*See id.* at 7-14). After carefully reviewing the arguments, the Court agrees with the Commissioner.

First, the ALJ stated she applied SSR 96-7P and actually did apply that rule. (Tr. 107). SSR 96-7P states, in relevant part:

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below,

7

that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P. The ALJ considered the first factor (Tr. 111) (discussing Ms. Thomas's daily activities), the second factor (*id.* at 107-12) (discussing Ms. Thomas's pain in the course of the medical record discussion), the third factor (*id.* at 107, 110) (noting Ms. Thomas's struggle with obesity), the fourth factor (*id.* at 108) (discussing Ms. Thomas's medication), the fifth factor (*id.* at 110) (discussing Ms. Thomas's medical treatment such as x-rays and a steroid injection), the sixth factor (*id.* at 108) (discussing Ms. Thomas's sitting versus standing), and the seventh factor (*id.* at 107-

8

08) (discussing Ms. Thomas's limitations).

Ms. Thomas makes no argument that the ALJ ignored any one piece of evidence here. (*See* Doc. 11 at 5-7). Even if she did, " there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing another source). Further, it appears that the ALJ discussed all, or almost all, of the medical records cited in Ms. Thomas's brief. (*See* Doc. 11 at 5-7); (*see* Tr. 108) (discussing the 2010 carpal tunnel syndrome tests and diagnosis); (*see id.* at 108-09) (discussing the June 2011 MRI); (*see id.* at 109-10) (discussing the October 2014 medical records and the December 2014 MRI); (*see id.* at 110) (discussing Dr. Thomason's medical records). Here, it is clear that the ALJ reviewed the entire record and made findings in accordance with the law and supported by substantial evidence. The ALJ did not commit reversible error when she declined to find Ms. Thomas disabled based on her symptoms alone. To the contrary, the ALJ's opinion refers to the record often and her conclusion is supported by substantial evidence.[2] For these reasons, there is no reversible error in Ms. Thomas's first argument.

---

[2] The definition of substantial evidence must not be lost on the reader. "[It] is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing sources).

## B. The ALJ Properly Considered Ms. Thomas's Impairments

Ms. Thomas's second argument is that "the ALJ failed to properly consider [her] impairments in combination." (Doc. 11 at 7) (emphasis and capitalization omitted). She believes that the ALJ did not consider her entire condition beyond Step Three and "fail[ed] to properly consider [her] diagnosed bilateral upper and lower radiculitis, at all." (*See* Doc. 11 at 7).

However, the record reflects that the ALJ did consider all of Ms. Thomas's impairments in combination. The ALJ specifically stated that "[t]he claimant does not have an impairment <u>or combination of impairments</u> that meets or medically equals the severity of one of the listed impairments." (Tr. 107) (emphasis omitted). "The ALJ's determination constitutes evidence that [she] considered the combined effects of [claimant's] impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (citing *Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir.1991)); *see also Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014).[3]

---

[3] To the extent that Ms. Thomas is attempting to contest the ALJ's listing of impairments, this argument does not work. (*See* Doc. 11 at 7). Like in *Tuggerson-Brown*, "the ALJ found multiple severe impairments and accordingly proceeded to step three of the evaluation." *Tuggerson-Brown*, 572 F. App'x at 951. "Based on [Eleventh Circuit] precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two." *Id.* The ALJ's Step Two determination was favorable to Ms. Thomas because it meant that the ALJ kept progressing through the five step process. *See id.*

Later on in the opinion – beyond Step Three – the ALJ noted that she "consider[ed] . . . the entire record." (Tr. 107) (emphasis omitted); (*see id.*) ("[T]he undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted."); (*see also id.* at 110). The ALJ also noted that she did so in accordance with the relevant regulations and Social Security rules. (*See id.* at 107). The ALJ's opinion reflects a detailed recitation of Ms. Thomas's medical history. (*See id.* at 108-112). On review, it would be inappropriate for the Court to disturb this decision.

Ms. Thomas specifically complains that the ALJ entirely ignored the bilateral upper and lower radiculitis. (*See* Doc. 11 at 7). However, the ALJ's decision shows differently. The ALJ discussed the perfect motor strength in upper and lower extremities from the physical consultative examination done by Dr. Robertson. (*See* Tr. at 109). She discussed Ms. Thomas's visit with Dr. Thomason where she complained of radiating pain in her extremities. (*See id.* at 110). The ALJ discussed Dr. Thomason's findings of strength in Ms. Thomas's "bilateral upper and lower extremities." (*See id.* at 111). Further, Ms. Thomas has not identified a medical record that the ALJ overlooked that would change the outcome here. (*See* Doc. 11 at 7-8). For these reasons, this Court can find no reversible error under Ms. Thomas's second argument.

## C. Ms. Thomas's Supplemental Filing

Ms. Thomas filed a copy of her "Application For Disability Access Parking Privileges." (Doc. 15 at 2). She did not include any argument along with this filing. (*See generally id.*). The Commissioner responded. (*See* Doc. 16). First, the Commissioner argues that the filing was not timely. (*See id.* at 2). Second, the Commissioner argues that Ms. Thomas waived any arguments stemming from the filing. (*See id.* at 2). Third, the Commissioner argues that the supplemental filing does not compel a remand on the merits. (*See id.* at 3). Ms. Thomas replied to the Commissioner by arguing that the Appeals Council did have her application, contrary to the Commissioner's contention. (Doc. 17 at 1); (Doc. 16 at 3-4).[4] On balance, the Court agrees with the Commissioner.

The briefing order states that "Plaintiff's reply brief, if any, [is] to be filed within 14 days after [the] expiration of time for defendant's brief." (Doc. 8 at 1). The Commissioner brief was due on December 14, 2017. (*See id.*); (Doc. 10). That means that Ms. Thomas had to file a reply by December 28, 2017. Ms. Thomas filed her supplemental evidence on January 18, 2018. (Doc. 15). The filing is untimely.

---

[4] The Court ultimately declines to reach this issue, but notes that the record does not reflect that the Appeals Council received this evidence. (*See* Tr. 98) (reflecting records before the Appeals Council from Sealy Management Co., Inc. and Alabama Power but not an application for disability parking privileges).

12

Additionally, Ms. Thomas makes no argument why this application compels a ruling in her favor. (Doc. 8).

Additionally, the Court has not ignored the filing and has considered it fully. It simply does not compel a different ruling in this case. The application was from February 2017. (*See* Doc. 15 at 2). It consists of little more than three checked boxes on a standard application form. (*See id.*). Additionally, the form gives no indication that these checked boxes relate back to the period before the ALJ's decision (July 30, 2015) – *i.e.*, that it is chronologically relevant. (*See id.*); *see Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018) (discussing chronological relevance). For these reasons, the application is not material to the analysis here and does not change the result of this case. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) ("Under the *Cherry* standard, the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level.") (citing *Wright v. Heckler*, 734 F.2d 696 (11th Cir.1984)).[5]

---

[5] In the past, this Court has noted persuasive authority speaking to the admissibility of evidence of disability from one proceeding in a *later* proceeding. *See Kelley v. Berryhill*, No. 6:16-CV-1799-VEH, 2018 WL 905368, *7 n.6 (N.D. Ala. Feb. 15, 2018) (Hopkins, J.) (citing

## VII. Conclusion

The Court has carefully reviewed the record and considered all of Ms. Thomas's arguments. Ultimately, there is no reversible error through which the Court can disturb the ALJ's decision. While today's decision is undoubtedly disappointing to Ms. Thomas, a litigant proceeding *pro se*, this Court is restrained by the law and the deference afforded to the Commissioner. Accordingly, the Commissioner is due to be, and hereby is, **AFFIRMED**.

**DONE** and **ORDERED** this the 19th day of June, 2018.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

sources).