FILED
2018 Oct-03  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANNIE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 7:17-CV-0925-VEH |
| | ) |
| NANCY A. BERRYHILL, *Acting Commissioner, Social Security Administration*, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Annie Thomas's letter (doc. 22) in which she requests that the Court "reopen the time to file the appeal for 14 days in accordance with Fed.R.App.P.4(a)(6)." (*Id.* at 1). Because "[a] document filed *pro se* is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will treat this letter as a motion to reopen the time to file an appeal and will refer to it as the "Motion." *See Sullen v. Steward*, No. 14-0112, 2015 WL 2131207, at *2 (S.D. Ala. May 4, 2015) (treating a *pro se* litigant's letter as "a motion to reopen" under Rule 4(a)(6)). For the reasons stated in this opinion, the Motion is due to be **DENIED**.

## I.     BACKGROUND

On June 5, 2017, Ms. Thomas initiated this action under 42 U.S.C. § 405(g). (*See* doc. 1). Ms. Thomas sought review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for disability insurance benefits and supplemental security income. (*See id.*) On June 19, 2018, the Court entered its Memorandum Opinion (doc. 20) and Final Order (doc. 21) affirming the decision of the Commissioner. (*See* doc. 20; doc. 21). However, service of the Memorandum Opinion and Final Order to Ms. Thomas was not recorded on the Docket Sheet. (*See* Docket Sheet).

On August 14, 2018, Ms. Thomas called the Court to check on the status of her case. (*See id.*) When Ms. Thomas was informed that her case had been closed in June, "she stated [that] she had not received [a] copy of [the] final decision." (*Id.*) On the same day, the clerk mailed the Memorandum Opinion and Final Order to Ms. Thomas. (*See id.*) This time, service was recorded on the Docket Sheet. (*See id.*)

The Court did not hear from Ms. Thomas again until September 10, 2018, when it received the Motion in the mail. (*See id.*; doc. 22 at 1). The clerk then promptly filed the Motion. (*See* Docket Sheet; doc. 22 at 1). The Motion was dated September 5, 2018, and states as follows:

I did not know that you denied my appeal on June 19th and learned about it only recently which is outside the 60 days period for filing a notice of appeal.

Please reopen the time to file the appeal for 14 days in accordance with Fed.R.App.P.4(a)(6).

(Doc. 22 at 1).

## II. STANDARD

Federal Rule of Civil Procedure 77(d)(2) states that "[l]ack of notice of the entry [of an order or judgment] does <u>not</u> affect the time for appeal or relieve—or <u>authorize the court</u> to relieve—a party for failing to appeal within the time allowed, <u>except as allowed by Federal Rule of Appellate Procedure (4)(a)</u>." Fed. R. Civ. P. 77(d)(2) (emphases added). Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). Regarding Rule 4(a)(6)'s first and second conditions, Federal Rule of Civil Procedure 77(d) requires "[t]he clerk [to] record the service on the docket." FED. R. CIV. P. 77(d)(1). Further, "the moving party[] . . . [bears] the burden of showing non-receipt or delayed receipt of notice." *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 994 (11th Cir. 2018) (citing *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002)).

### III. ANALYSIS

The Court finds that Rule 4(a)(6)'s first condition is satisfied because service was not recorded on the Docket Sheet and Ms. Thomas's Motion indicates that she did not receive notice within 21 days of the entry of the Memorandum Opinion and Final Order. *See* FED. R. CIV. P. 77(d)(1); *see also Sullen*, 2015 WL 2131207, at *3 (finding, despite the "presumption of receipt," that the *pro se* litigant satisfied Rule 4(a)(6)'s first condition because his letter, which stated, "I want to know the status of case no. civil action 14–0112–CG–M," had "every indication of non-receipt"). The Court will assume without deciding that Rule 4(a)(6)'s third condition is satisfied. *See Sullen*, 2015 WL 2131207, at *3 ("The Advisory Committee Note from 1991 defines prejudice as 'some adverse consequence other than the cost of having to oppose the appeal and encounter the

4

risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.'" (quoting FED. R. APP. P. 4(a)(6) advisory committee's note to 1991 amendment)). However, under Rule 77(d)(2), the Court does not have the authority to grant Ms. Thomas's Motion because Rule 4(a)(6)'s second condition is not satisfied.

Rule 4(a)(6)'s second condition is that "the motion is filed within 180 days after the judgment or order is entered <u>or</u> within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, <u>whichever is earlier</u>." FED. R. APP. P. 4(a)(6) (emphases added). Here, the earlier of these deadlines is "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry,"[1] and thus this is the relevant deadline.

In her Motion, Ms. Thomas never states the exact date that she received notice of the entry of the Memorandum Opinion and Final Order. (*See* doc. 22 at 1). However, the Docket Sheet reflects that the clerk mailed the Memorandum

---

[1] The Memorandum Opinion and Final Order were entered on June 19, 2018. Although Ms. Thomas never says in her Motion when she received notice of these documents, she clearly received notice before the date that she dated and presumably sent her Motion, September 5, 2018. (*See* doc. 22 at 1). Thus, 14 days after she received notice (whenever that date is) is clearly earlier than 180 days after the order was entered (which calculates to be December 16, 2018).

5

Opinion and Final Order to Ms. Thomas on August 14, 2018. (*See* Docket Sheet). Because "courts generally provide" a "3 day period . . . for the delivery of mail," *McDaniel*, 292 F.3d at 1307 n.4, and because the "burden of proving . . . delayed receipt[] of notice is on the [moving] party," *id.* at 1307 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995)), the Court will first determine whether Ms. Thomas's Motion was timely under the assumption that the Memorandum Opinion and Final Order mailed on August 14, 2018, were delivered within three days. If the Motion was not timely under this assumption, the Court will then determine whether Ms. Thomas has met her "burden of proving . . . delayed receipt[] of notice," *see id.*, and, if so, whether her Motion is timely.

Assuming that the Memorandum Opinion and Final Order that the clerk mailed to Ms. Thomas on August 14, 2018, were delivered within three days, Ms. Thomas would have received notice of the entry of the Memorandum Opinion and Final Order by August 17, 2018. Using August 17, 2018, as the date on which Ms. Thomas received notice, Ms. Thomas would have had to file her Motion no later than August 31, 2018. Because August 31, 2018, is ten days before the Motion was filed (and, in fact, is five days before the Motion was dated and thus presumably mailed to the Court), Ms. Thomas's Motion was not timely.

Thus, the Court will now determine whether Ms. Thomas has met her

"burden of proving . . . delayed receipt[] of notice." *See id.* Again, Ms. Thomas never states the exact date when she received the Memorandum Opinion and Final Order that the clerk mailed to her on August 14, 2018. (*See* doc. 22 at 1). However, Ms. Thomas does state that she "<u>learned about</u> [her social security appeal being denied] only recently which is <u>outside the 60 days period</u> for filing a notice of appeal." (*Id.*) (emphases added). Thus, Ms. Thomas appears to state that she did not receive notice until after her sixty-day period for filing a notice of appeal had run.[2] Because Ms. Thomas's sixty-day period ran on August 18, 2018, the Court will assume that Ms. Thomas received notice after August 18, 2018. Further, because the date after the sixty-day period ran, August 19, 2018, was a Sunday (a day on which mail is not delivered), the Court will assume that Ms. Thomas received notice on August 20, 2018. However, the Court can assume no more. As the moving party, Ms. Thomas bears the "burden of proving . . . delayed receipt[] of notice." *McDaniel*, 292 F.3d at 1307 (citing *Nunley*, 52 F.3d at 795). August 20, 2018, is outside the three-day period that "courts generally provide for the delivery of mail." *See id.* at 1307 n.4. Further, August 20, 2018, is consistent with the five-day period between when the Motion was dated and presumably sent

---

[2] Ms. Thomas had sixty days to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(B).

in the mail and when the clerk received and filed the Motion;[3] thus there is no reason for the Court to assume that the Memorandum Opinion and the Final Order that the clerk mailed to Ms. Thomas on August 14, 2018, were delivered after August 20, 2018. Finally, Ms. Thomas has not offered any evidence or even alleged that she received the Memorandum Opinion and Final Order after August 20, 2018. (*See* doc. 22 at 1). Assuming that Ms. Thomas received notice on August 20, 2018, the Motion would have had to be filed by September 3, 2018. However, the Motion was not filed until seven days after September 3rd (and was not even dated and presumably placed in the mail to the Court until two days after September 3rd). Thus, based on Ms. Thomas's Motion and the information available to the Court, the Court cannot find that Ms. Thomas's Motion was timely. Rule 4(a)(6)'s second condition is not satisfied. Thus, the Court does not have the authority to reopen the time for Ms. Thomas to file an appeal.

## IV. CONCLUSION

While the Court understands Ms. Thomas's desire to appeal her case, the Court does not have the authority to reopen her time to file a notice of appeal. Federal Rule of Civil Procedure 77(d)(2) states that "[l]ack of notice"—which is

---

[3] Five days from August 14, 2018, is August 19, 2018. However, because August 19, 2018, was a Sunday, the Court will use the next day, Monday, August 20, 2018.

what Ms. Thomas argues—does not "authorize the court" to reopen the time to file a notice of appeal "except as allowed by Federal Rule of Appellate Procedure (4)(a)." FED. R. CIV. P. 77(d)(2). Federal Rule of Appellate Procedure 4(a)(6) clearly provides that "[t]he district court may reopen the time to file an appeal . . . only if all [three of] the following conditions are satisfied." FED. R. APP. P. 4(a)(6) (emphasis added). Based on Ms. Thomas's Motion and the information available to the Court, the Court cannot find that Rule 4(a)(6)'s second condition is satisfied. Accordingly, the Motion is **DENIED**.

    **DONE** and **ORDERED** this the 3rd day of October, 2018.

                                                    */s/ Virginia Emerson Hopkins*
                                          **VIRGINIA EMERSON HOPKINS**
                                          Senior United States District Judge